OPINION
{¶ 1} This is an accelerated appeal by plaintiff-appellant, the state of Ohio, of the decision of the Butler County Court of Common Pleas dismissing the state's action against defendant-appellee, Charles Stout.
 {¶ 2} In August 2004, the state filed an action against Mid Ohio Petroleum Company, alleging violations of Ohio's air pollution laws. The state sought injunctive relief and civil penalties. In April 2005, the state amended its complaint, naming Loveland Oil Company and appellee as additional defendants. In June 2005, appellee filed a "Notice and Suggestion of Stay," notifying the court that he had recently filed for bankruptcy, and moving the court for a stay of the proceedings. Before the state filed a response, the court dismissed the state's action. The court ruled as follows: "Because federal bankruptcy proceedings will indefinitely stay further proceedings in this case, this case is hereby dismissed, other than on the merits, and without prejudice."
 {¶ 3} In its sole assignment of error, the state argues that the common pleas court erred in dismissing the action. According to the state, the automatic stay provision of the federal bankruptcy code does not operate to stay a state enforcement action brought pursuant to the state's police and regulatory power.
 {¶ 4} Initially, we note that this court has jurisdiction to determine the applicability of the automatic stay provision. See In reBaldwin-United Corp. Litigation (C.A.2, 1985), 765 F.2d 343, 347. In that case, the Second Circuit stated that "[w]hether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending, and the bankruptcy court supervising the reorganization[.]" See, also, Chao v. Hospital StaffingServices, Inc. (C.A.6, 2001), 270 F.3d 374, 384.
 {¶ 5} The automatic stay provision in the federal bankruptcy code is found in Section 362(a), Title 11, U.S.Code. That code provision states that the stay is applicable to "the commencement or continuation * * * of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title[.]"
 {¶ 6} Section 362(b), Title 11 provides exceptions to the automatic stay provision. Section 362(b)(4) excepts from the stay provision "an action or proceeding by a governmental unit * * * to enforce such governmental unit's * * * police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's * * * police or regulatory power[.]"
 {¶ 7} Applying the above exception, courts have held that the automatic stay provision does not operate to stay state enforcement actions brought pursuant to the state's police and regulatory power. SeePenn Terra Ltd. v. Dept. of Environmental Resources, Commonwealth ofPennsylvania (C.A.3, 1984), 733 F.2d 267, 274 (recognizing environmental protection as part of state's police power); N.L.R.B. v. Edward CooperPainting, Inc. (C.A.6, 1986), 804 F.2d 934, 942 (holding that NLRB's unfair labor practices proceeding was exercise of government's police and regulatory power and therefore not subject to automatic stay). Both of the above cases found that while the automatic stay did not preclude the entry of a money judgment, it did preclude the enforcement and collection of such a judgment. Penn Terra at 275; Edward Cooper Painting at 943.
 {¶ 8} Based on the above law, we sustain the state's sole assignment of error and reverse the common pleas court's decision dismissing the case. We remand this case to the common pleas court so that the court can consider whether the exception in Section 362(b)(4) of Title 11 applies.
 {¶ 9} Judgment reversed and cause remanded for further proceedings according to law and consistent with this opinion.
Young and Bressler, JJ., concur.